Jarred A. Henline (12550)
**HENLINE LAW**
526 W Center St N106
Pleasant Grove, Utah 84062
Telephone: (801) 200-3553
jarred@henlinelaw.com
*Attorney for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>ALEXIS BRECK PINO DOBSON,<br><br>Debtor. | Case No. 26-23853<br>Chapter 13<br><br>Judge David H. Leigh |

**DEBTOR'S MOTION TO VACATE DISMISSAL AND REINSTATE CHAPTER 13, RESCHEDULE CONFIRMATION HEARING AND EXTEND DEADLINES FOR CREDITORS TO OBJECT TO DISCHARGEABILITY**

Debtor, through counsel Jarred A. Henline, pursuant to Fed. R. Bankr. P. 9024 and *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), hereby respectfully moves this Court for an Order vacating the order of dismissal, reschedule the confirmation hearing and extending the deadlines to file objections to exemptions and discharge by 30 and 60 days, respectively. In support thereof, Debtor states as follows:

1. Debtor filed a Chapter 13 Petition on June 25, 2026.

2. As part of a continued confirmation order, Debtor was to file amended plan with notice, amend Schedule A/B, provide proof of income from second job, provide auto loan statement, provide tax refund disposition - including date of receipt and corresponding

supporting documentation on or before October 30, 2026.

3. Debtor had been working hard on the different requirements, but was hampered by the fact that some required documents were under the control of her ex-husband or former creditor, who are not a party to this case.

4. In particular, even though Debtor was able to work on the Amended Documents, she was hoping to do them all at once, after she received the auto loan statement and obtained added documentation regarding the tax refund disposition.

5. The tax refund disposition support documentation is further complicated because all transactions were in an account which has been closed and the statements not made available to her.

6. Debtor has been working hard to finalize and confirm this case and was current with her payment at the time of dismissal.

7. Debtor will continue to make payments via MoneyGram or will hold the monies aside until the case is set aside.

8. Debtor's failure to comply constitutes excusable neglect as set forth below.

Argument

I. No Prejudice to Other Parties.

Debtor was current on her plan payments at the time of dismissal and will continue making payments or holding funds aside pending reinstatement — creditors have not been harmed by the delay and will suffer no prejudice from vacating the dismissal..

II. The Delay is Minimal.

The failure to meet the October 30 deadline was limited to a discrete set of documents,

most of which were ready, and Debtor is prepared to file the amended documents promptly upon reinstatement – she will also respond to other confirmation objections and motions prior to hearing on this matter.

III. The Reason for the Failure Was Understandable Given the Circumstances.

The outstanding documents — specifically the auto loan statement and tax refund disposition documentation — were either under the control of Debtor's ex-husband or tied to a closed account with unavailable statements, circumstances entirely outside Debtor's control and not the result of any lack of effort on her part.

IV. Debtor Acted in Good Faith.

Debtor has remained current on her payments, actively worked toward completing the confirmation requirements, and sought to compile all outstanding documents together to ensure a complete and accurate filing — her delay reflects diligence, not indifference.

Given the foregoing, Debtor takes responsibility for her failure to meet the October 30 deadline, but submits that the circumstances leading to dismissal constitute excusable neglect under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Debtor intends to diligently address all outstanding confirmation requirements prior to the hearing on this Motion and will bring all payments current before that date.

WHEREFORE, Debtor requests that the dismissal be vacated, the Chapter 13 case

//

//

//

//

reinstated, a new confirmation be scheduled, that proper notice be sent, and that all associated dates be continued as well.

DATED this 1st day of October, 2026.

**HENLINE LAW**

/s/ JARRED HENLINE

Jarred A. Henline
Attorney for Debtor